PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC HOWARD, | ) | |
| | ) | CASE NO. 1:16CV0646 |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CHRISTOPHER LaROSE,[1] Warden, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF No. 19] |

*Pro Se* Petitioner Isacc Howard filed a Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 (ECF No. 1) alleging one (1) ground for relief which challenges the

constitutional sufficiency of the denial of his motion for leave to file delayed appeal in Court of

---

[1] Warden Alan Lazaroff was the original respondent. He was sued in an official capacity as a public officer. According to the Ohio Department of Rehabilitation and Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A398648?enc=A398648%7C%7C%7C%7C%7C%7CAll%7C%7CName%7C-1%7C10%7C (last visited October 20, 2017)), Petitioner is currently serving a term of incarceration at the Northeast Ohio Correctional Center for one count of murder with a firearm specification and two (2) counts of attempted murder. Christopher LaRose currently is the Warden at that facility. Pursuant to Fed. R. Civ. P. 25(d), Wainwright's name has been automatically substituted as a party.
      It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(1:16CV0646)

Appeals of Ohio, Eighth Appellate District Case No. CA-15-103337. The case was referred to Magistrate Judge William H. Baughman, Jr. for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On September 20, 2017, the magistrate judge issued a Report & Recommendation (ECF No. 18). In his Report, the magistrate judge recommends that the petition be dismissed as barred by 28 U.S.C. § 2244's statute of limitations. ECF No. 18 at PageID #: 315. As noted in the Report, Petitioner has failed to show any extraordinary circumstances that would justify equitable tolling of the statute of limitations. ECF No. 18 at PageID #: 316-17. Moreover, he is not entitled to the actual innocence exception. ECF No. 18 at PageID #: 317.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Magistrate Judge's Report were, therefore, due on October 4, 2017. But, neither party has timely filed any such objections.[2] Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

---

[2] Two weeks after the 14-day period for objections expired, Petitioner filed an untimely motion seeking a 180-day extension to respond to the Report and Recommendation. ECF No. 19. The motion for extension of time is denied as untimely and serving only to delay the inevitable dismissal of the petition for the reasons given in the Report and Recommendation—the Petition, like the motion, is untimely.

2

(1:16CV0646)

Accordingly, the Report & Recommendation of the magistrate judge is hereby adopted.[3] Isaac Howard's Petition for a Writ of Habeas Corpus will be dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Isaac Howard, #A398-648, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown Ohio, 44505.

IT IS SO ORDERED.

| | |
|---|---|
| October 23, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Although the magistrate judge referred to Hakim rather than Howard in the section of the Report that sets forth the legal standard for statutory tolling (ECF No. 18 at PageID #: 314), that clerical mistake does not affect the validity of the magistrate judge's reasoning in the report and recommendation.